# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SHARON JOHNSON COLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5784 | **DATE** | August 30, 2011 |
| **CASE TITLE** | Kenneth Gordon (#2010-0613144) vs. Unknown Officer 1, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders Cook County Jail officials to deduct $35.20 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. The court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint (plus a judge's copy and service copy) naming a supervisory official in a position to identify the John Doe defendants. Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■ [**For further details see text below.**]   **Docketing to mail notices.**

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, Chicago police officers, violated the plaintiff's constitutional rights by using unjustified force against him. More specifically, the plaintiff alleges that after questioning him as he sat in his car, the defendants–for no reason–maced him, dragged him from his truck, and then beat and kicked him.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $35.20. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each
**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

However, the plaintiff must submit an amended complaint, as he has not named a proper defendant. All of the officers are unidentified. The plaintiff cannot obtain damages from the defendants unless he serves them (or obtains waivers of service) in accordance with Fed. R. Civ. P. 4, which he cannot do without knowing their names or badge numbers. To allow the plaintiff leave to proceed on the complaint as it now stands would therefore get him nowhere.

In this circuit, the courts recognize a useful fiction to permit *pro se* litigants an opportunity to discover the identities of those who were personally involved in the alleged actions underlying their complaint. When a plaintiff does not know the names of the persons who actually injured him, the law permits the court, at the pleading stage, to make an inference of responsibility on the part of the defendants' immediate supervisor. *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *see also Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriff's Dep*t., 95 F.3d 548, 556 (7th Cir. 1996). Consequently, if the plaintiff wishes to pursue his claims, he should amend the complaint to add as defendant a supervisory official or administrator who is in a position to identify the John Doe defendants, such as Chicago's Chief of Police.

Once the plaintiff has obtained service on the supervisor, and an attorney has entered an appearance on the supervisor's behalf, the plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the defendants who allegedly violated the plaintiff's constitutional rights. *See* Fed. R. Civ. P. 33. After the plaintiff learns the defendants' identities, he may again ask leave to amend the complaint to substitute their names for those of the John Does. Summonses will then issue for service on the defendants in interest and the supervisory defendant will be dismissed. The plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the John Does as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

For the foregoing reasons, the plaintiff's motion for leave to proceed *in forma pauperis* is granted but the complaint on file is dismissed. The plaintiff is granted thirty days in which to submit an amended complaint adding as a defendant a supervisory official whom the plaintiff can serve and who can assist the plaintiff in identifying the John Doe defendants by name. The plaintiff must complete the amended complaint on the forms required by Local Rule 81.1 (N.D. Ill.) and provide the clerk with the original and two copies. The clerk will provide the plaintiff an amended civil rights complaint form and instructions along with a copy of this order. Failure to comply within thirty days will result in summary dismissal of this case.

**(CONTINUED)**

| STATEMENT (continued) |
|---|

As a final concern, the court notes that the plaintiff made a material misstatement in his complaint. The court's civil rights complaint form instructed the plaintiff to "List ALL lawsuits you . . . have filed in any state or federal court in the United States." Complaint at p. 3 (emphasis in original). The form goes on to direct, "IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS.... REGARDLESS OF HOW MANY CASE YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE." *Id.* (emphasis in original).

Despite the court's admonition, the plaintiff wrote "NONE," failing to identify at least two prior cases. *See Gordon v. Sheahan*, Case No. 96 C 1784 (N.D. Ill.), and *Gordon v. Sheahan*, Case No. 02 C 7663 (N.D. Ill.). The plaintiff's effective "fraud" on the court independently justifies "immediate termination of the suit." *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). "Disclosure of a prisoner's litigation history enables a court to adhere to the three-strike requirement of 28 U.S.C. § 1915(g)." *Hoskins v. Dart*, 633 F.3d 541, 544 (7th Cir. 2011) (citation omitted).

Because the plaintiff's previous dismissals do not affect his eligibility to proceed *in forma pauperis* in this case, *see* 28 U.S.C. § 1915(g), the court will grant the plaintiff the benefit of the doubt and assume that his omissions were due to accidental oversight. But the plaintiff is cautioned that in signing court filings, he is representing that the statements he makes are true to the best of his knowledge. *See* Fed. R. Civ. P. 11. In the future, before submitting any motions or pleadings to the court, the plaintiff should accordingly review the documents carefully to make sure they are complete and accurate. Misrepresentations to the court could lead to sanctions, including dismissal.